UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CELERITECH INTERNATIONAL CORP., a
Florida for profit corporation,

Case No.: 24-cv-20836-DPG

Plaintiff,

v.

SUPERSTAR HOLDINGS INC.,
a Wyoming for profit corporation,

Defendant.

_____/

**MOTION TO VACATE WRIT OF BODILY ATTACHMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Non-party, Tejune Kang ("Kang"), pursuant to Fed. R. Civ. P. Rule 64 hereby moves to vacate this Court's Writ of Bodily Attachment [D.E. 74] directing that Kang be taken into custody and brought before the Court at its next ensuing session to address Defendant, Superstar Holding Inc.'s failure to comply with this Court's Order resulting in an Order finding Defendant in contempt [D.E. 50] for (1) failing to obtain counsel in accordance with this Court's Order granting Defendant's counsel's Motion to Withdraw [D.E. 39], Defendant's failure to comply with this Court's Final Default Judgement [D.E.13] directing Defendant to comply with Fed. Civ. R. P. Rule 69 by submitting the Fact Information Sheet Form 1.97(b) as directed in the Final Judgement.

**BACKGROUND**

This matter arises out of a claim between Plaintiff, Celeritech International Corp. ("Celeritech") and Defendant, Superstar Holdings Inc. ("Superstar"). In May 2024, this Court entered a Final Default Judgement in favor of Plaintiff and against Defendant. Following the Final

Default Judgement, the record reflects that on May 6, 2025 – the day following the issuance of the Writ of Bodily Attachment – Defendant, through Kang filed a fact information sheet as required in the terms of the Final Default Judgement and in a form provided by Rule 69. Following the entry of the Final Default Judgement, by Order dated December 5, 2024, Defendant's counsel of record was granted leave to withdraw leaving Defendant without representation. The Court's Order of Withdraw provided that Defendant shall obtain counsel within thirty (30) days. Defendant failed to do so resulting in this Court finding Defendant in contempt for failing to obtain counsel as directed by the Court's December 5, 2024 Order granting Defendant's counsel leave to withdraw, and for Defendant's failure to comply with the Court's Final Judgement directing Defendant to file a fact information sheet.

As a result, by Order dated March 14, 2025, the Court found Defendant in contempt of Court, imposed a one hundred dollar ($100.00) per day fine on Defendant until such time the Defendant complied with the Court's Order. Thereafter, the Court issued an Order to Show Cause directing Defendant to appear before the Court and answer the Court's questions as to why Defendant had not complied with this Court's Orders. This Court's Order to Show Cause further directed Defendant to obtain counsel as a precondition to Defendant submitting any filings with the Court, including filings showing Defendant's compliance with the subject Order to Show Cause. As of the date of this filing, no attorney has filed a Notice of Appearance or otherwise indicated that Defendant is represented by counsel.

Notably, the Order to Show Cause does not mention non-party Tejune Kang by name or otherwise. Rather, the Order to Show Cause is directed solely to Defendant Superstar, including directives that should the Defendant fail to comply with the Court's Orders, the Order to Show Cause would result in a hearing and sanctions including but not limited to monetary sanctions until

such noncompliance had been remedied. Again, no mention is made of Mr. Kang in the Order to Show Cause nor does the Order to Show Cause indicate that Defendant's failure to comply with the Order to Show Cause would expose Mr. Kang to Court action against him.

Defendant failed to comply with the Court's Order to Show Cause and the Court by Order dated March 14, 2025, found Defendant in contempt for failure to comply with the Court's Orders; specifically, the Court's direction in the Final Default Judgement that Defendant file a Fact Information Sheet and this Court's December 5, 2024, Order directing Defendant to obtain counsel.

The Court held a hearing on February 27, 2025, on the Court's Order to Show Cause. Defendant failed to appear at the hearing on the Court's Order to Show Cause nor did Defendant otherwise comply with the Court's prior Order. The Court found Defendant in contempt of Court. For the first time, the Court's contempt Order mentions Tejune Kang by name and directs the Clerk of the Court to serve the contempt Order on Mr. Kang.

On May 5, 2025, and May 6, 2025, Mr. Kang filed a number of documents, pro se, which he believed outlined his various efforts to comply with the Court's directives, as well as his lay understanding of his individual responsibility and liability for the corporate Defendant's failure to comply with this Court's Orders. Included with Mr. Kang's filings of May 5, 2025, and May 6, 2025, is the Fact Information Sheet as directed by this Court in the Final Default Judgement. Mr. Kang has also obtained bank statements - which are no longer available to the Defendant through the bank's online service. By transmittal letter dated June 12, 2025, Mr. Kang's counsel forwarded to Plaintiff's counsel (1) The completed Fact Information Sheet (2) Superstar Holdings, Inc.'s tax returns for 2021, 2022, and 2023 and (3) Superstar Holdings, Inc.'s bank statements for 2022, 2023, and 2024. Mr. Kang's efforts to secure the information to complete the Fact Information

Sheet are set forth in Mr. Kang's Affidavit. The Fact Information Sheet attached is hereto as Exhibit "A".

Defendant is still unrepresented in this matter. As Mr. Kang has stated in his filings and reiterated in his affidavit filed in support of this motion, the Defendant is insolvent and is being dissolved under the laws of the state of its incorporation, Wyoming.  Mr. Kang further attests in his affidavit that the defendant is involved in or has had judgment entered against it in multiple pending or completed lawsuits.  Mr. Kang also attests that Defendant owes its counsel of record for services rendered in a number of the lawsuits in which the Defendant has been or is being sued. Defendant also owes its accountants and/or financial advisors monies for services rendered.  As such, Defendant does not have the resources from which to hire counsel to appear in this action and represent the Defendant's interests. The lack of corporate resources appears to also be the reason for Defendant not complying with the Court's One Hundred ($100.00) Dollar a day monetary penalty.

Mr. Kang seeks relief from this Court's Writ of Bodily Attachment. Mr. Kang recognizes his failure to comply with this Court's prior Orders. As reflected in the instant Motion and Mr. Kang's supporting affidavit, Mr. Kang has taken all reasonable action to remedy Defendant's noncompliance with this Court's Orders, which noncompliance is the foundation for the Court's finding that Defendant is in contempt. As Mr. Kang has now satisfied the Corporate Defendant's obligations which formed the basis of the Contempt Order, Mr. Kang requests that the Court vacate the Writ of Bodily Attachment and allow Mr. Kang to appear before the Court to express his regret and misunderstanding of the responsibilities imposed on him as an individual in his capacity as officer, director, and shareholder of the corporate Defendant with respect to the corporate Defendant's post judgment obligations. As Mr. Kang details in his filings of May 5, 2025, May 6,

2025, and Mr. Kang's Affidavit, he is a United States citizen and is currently traveling outside of the United States for a medical procedure. Mr. Kang fears that upon reentry to the United States he will be taken into custody pursuant to the Writ of Bodily Attachment and given his efforts to bring the Defendant into compliance with this Court's Orders, Mr. Kang requests that the Court schedule a time for Mr. Kang to appear in front of the Court without being taken into custody by the U.S. Marchall pursuant to the Writ of Bodily Attachment.

## **CONCLUSION**

For the above and forgoing stated reasons, non-party Tejune Kang respectfully requests that this Court dissolve the Writ of Bodily Attachment as requested above.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF Portal to all counsel of record on this 13th day of June 2025.

PESTCOE LAW GROUP, P.A.
2830 North University Drive
Coral Springs, Florida 33065
Telephone: (954) 617-0300
Telecopier: (954) 617-0304
Primary email: scott@slplawgroup.com
Secondary email: melanie@slplawgroup.com

BY: /s/ Scott L. Pestcoe
SCOTT L. PESTCOE
FBN 0765759