**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CELERITECH INTERNATIONAL CORP., a
Florida for profit corporation,

Case No.: 24-cv-20836-DPG

Plaintiff,

v.

SUPERSTAR HOLDINGS INC.,
a Wyoming for profit corporation,

Defendant.

_____/

**NON-PARTY, TEJUNE KANG'S COUNSEL'S MOTION FOR LEAVE TO ATTEND AUGUST 21, 2025 HEARING ON NON-PARTY TEJUNE KANG'S MOTION TO VACATE WRIT OF BODILY ATTACHMENT VIRTUALLY OR BY TELEPHONE**

Non-party, Tejune Kang and his undersigned counsel, pursuant to Local Rules of the Southern District of Florida and Federal Rules of Civil Procedure, request that this Court grant them leave to attend the Court noticed hearing on August 21, 2025 at 9:30 AM on non-party, Tejune Kang's Motion to Vacate Writ of Bodily Attachment and Memorandum of Law in Support Thereof ("Motion to Vacate"), as Mr. Kang is currently in South Korea and Kang's counsel has preplanned and prepaid vacation plans to be in Alaska beginning August 15, 2025 and returning on August 25, 2025, rendering non-party Tejune Kang's counsel unavailable to attend the scheduled hearing in person and request that Kang and his counsel be granted leave to attend said hearing virtually or via telephone.

On June 13, 2025, non-party, Tejune Kang filed his Motion to Vacate Writ of Bodily attachment and Memorandum Law in support thereof. Thereafter, Plaintiff filed its response and Mr. Kang in turn filed his reply. The subject motion has been fully briefed.

On August 4, 2025, this Court noticed Kang's Motion to Vacate for hearing before the Court on August 21, 2025, at 9:30 AM.

On August 21, 2025, the date of the hearing on Kang's Motion to Vacate, Mr. Kang's counsel will be out of the jurisdiction on a pre-planned and pre-paid vacation. Kang's counsel purchased the non-refundable airline and cruise ship tickets for the time period August 15, 2025, up to and including August 25, 2025 in May of 2025.

The undersigned first received notice of this hearing by e-mail on August 4, 2025. Because Mr. Kang is currently in South Korea (13 hours ahead of Eastern Standard Time (EST)), the undersigned was unable to speak with him until August 7, 2025, to obtain authority to file the instant motion. The undersigned and Mr. Kang have acted with all the due diligence in seeking the relief set forth herein once it became apparent that conflict existed between the scheduled hearing and the undersigned vacation plans. The granting of this motion will not prejudice any party to this action and serves the administration of justice.

## **CONCLUSION**

For the above foregoing reasons non-party Tejune Kang and his undersigned counsel request this Court grant them leave to appear at the August 21, 2025, hearing at 9:30 AM on non-party Tejune Kang's Motion to Vacate Writ of Bodily Attachment and Memorandum of law in support thereof virtually or by telephone.

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF Portal to all counsel of record on this 8th day of August 2025.

> PESTCOE LAW GROUP, P.A.
> 2830 North University Drive
> Coral Springs, Florida 33065
> Telephone: (954) 617-0300
> Telecopier: (954) 617-0304
> Primary email: scott@slplawgroup.com
> Secondary email: melanie@slplawgroup.com
>
> BY: /s/ Scott L. Pestcoe
> SCOTT L. PESTCOE
> FBN 0765759