UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CELERITECH INTERNATIONAL CORP., a
Florida for profit corporation,

Plaintiff,

Case No.: 24-cv-20836-DPG

v.

SUPERSTAR HOLDINGS INC.,
a Wyoming for profit corporation,

Defendant.

_____/

**<u>RENEWED AND SUPPLEMENTAL MOTION TO VACATE WRIT OF BODILY ATTACHMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

Non-party, Tejune Kang ("Kang"), pursuant to Fed. R. Civ. P. Rule 64 and in compliance with this Court's Order dated August 21, 2025 [D.E. 89], renews and supplements his previously filed Motion to Vacate Writ of Bodily Attachment[1] and advises this Court that Kang by email dated September 4, 2025, served Plaintiff's counsel with copies of the Savoy/Hanover Bank[2] statements for the years 2022, 2023, 2024, and 2025 and loan account statement bringing Kang and Defendant SuperStar Holdings, Inc. ("SuperStar") into compliance with this Court's Orders. A copy of the documents produced on September 4, 2025, are attached hereto as composite Exhibit "A".

On August 21, 2025, this Court held a hearing on Kang's Motion to Vacate Writ of Bodily Attachment and Memorandum of Law. The Court denied Kang's motion without prejudice holding that:

---

[1] Kang incorporates by reference his Motion to Vacate Writ of Bodily Attachment and Memorandum of Law in Support Thereof as if fully set forth herein.

[2] Hanover Bank merged with Savoy Bank, taking over all account information for Superstar's accounts which were opened with Savoy Bank.

Page **1** of **4**

Mr. Kang must either provide Plaintiff with the requisite bank statements and cancelled checks (to the extent they exist) from Savoy Bank, or provide Plaintiff with evidence that such documents are not within Mr. Kang's possession, custody or control. Furthermore, because he has yet to provide the evidence from Savoy Bank, he has yet to demonstrate that he has no source of funds to hire counsel to represent the Defendant corporation.

By email dated September 4, 2025, Kang served Plaintiff's counsel with copies of the Hanover/Savoy Bank statements for the accounts held in the name of SuperStar for the years 2022, 2023, 2024 and 2025, along with a loan account statement reflecting a loan(s) held by Hanover for which SuperStar is the borrower.

Kang, now having provided all bank statements for the remaining Savoy/Hanover bank accounts in accordance with this Court's most recent August 21, 2025, Order [D.E. 89], SuperStar is now in compliance with this Court's Orders which formed the basis for the Court holding SuperStar in contempt and thereafter issuing the Writ of Bodily Attachment directed to Kang.

The Court's August 21, 2025 Order [D.E. 89], the Court noted without the Savoy/Hanover bank statements "[Kang] has yet to demonstrate that he has no source of funds to hire counsel to represent the Defendant corporation." [D.E. 89]. The corporate bank statements for Wells Fargo Bank for August 2024 previously produced to Plaintiff reflect that two (2) of the Wells Fargo accounts have zero ($0.00) dollar balances[3]. The August 2024 bank statement for the third Wells

---

[3] The July 2024 bank statements for these two (2) accounts show that on July 17, 2024, three (3) debits appear on two of the accounts with the transactions bearing the description "Legal Order Debit" and including Plaintiff's counsel's name and phone number as contact information for the subject debit transaction.

Fargo account reflects a balance of -$74,173.92. The July 2025 corporate bank statements for Hanover/Savoy accounts show balances of $87.39 in a savings account, $742.50 in a checking account, and $2,651.34 in a second savings account for a total of $3,481.23. Plaintiff believed that Plaintiff had executed on the balances in these accounts as it did with the Wells Fargo accounts in July of 2024.

Kang's affidavit [D.E. 79] states that SuperStar was dissolved effective December 31, 2024, and had ceased doing business in advance of its dissolution. Other than bank service charges, the Savoy/Hanover bank statements do not reflect any activity in those accounts. Only recently when Kang obtained the Savoy/Hanover bank statements did he become aware that balances remained. Kang believes that Plaintiff will most likely execute on the Savoy/Hanover accounts as it did with SuperStar Wells Fargo accounts. Regardless, Kang has been unable to engage counsel to represent SuperStar in this matter as the attorneys he has spoken with are unwilling to take on said representation without a retainer in an amount that is in excess of the $3,481.23 of funds in SuperStar Savoy/Hanover accounts. Kang attested in his affidavit that SuperStar has no source of funds to engage counsel to represent it in this or the other pending actions against it as identified in Kang's affidavit [D.E. 79].

## CONCLUSION

For the above and forgoing stated reasons, non-party Tejune Kang respectfully requests that this Court dissolve the Writ of Bodily Attachment as requested above.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

## CERTIFICATE OF GOOD FAITH CONFERENCE; ATTEMPTED TO CONFER BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has attempted to confer with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF Portal to all counsel of record on this 9th day of September 2025.

> PESTCOE LAW GROUP, P.A.
> 2830 North University Drive
> Coral Springs, Florida 33065
> Telephone: (954) 617-0300
> Telecopier: (954) 617-0304
> Primary email: scott@slplawgroup.com
> Secondary email: melanie@slplawgroup.com
>
> BY: /s/ Scott L. Pestcoe
> SCOTT L. PESTCOE
> FBN 0765759