UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CELERITECH INTERNATIONAL CORP., a
Florida for profit corporation,

Case No.: 24-cv-20836-DPG

Plaintiff,

v.

SUPERSTAR HOLDINGS INC.,
a Wyoming for profit corporation,

Defendant.

_____/

**<u>EXPEDITED MOTION FOR ENTRY OF ORDER ON NON-PARTY, TEJUNE KANG'S RENEWED AND SUPPLEMENTAL MOTION TO VACATE WRIT OF BODILY ATTACHMENT FOR PLAINTIFF'S FAILURE TO RESPOND IN OPPOSITION THERETO</u>**

Non-party, Tejune Kang, pursuant to Local Rule 7.1(c) of the Southern District of Florida and Federal Rules of Civil Procedure, gives notice to the Court that Plaintiff, CELERITECH INTERNATIONAL CORP. has not filed any papers in opposition to Non-party, Tejune Kang's Motion for Entry of Order on Non-Party, Tejune Kang's Renewed and Supplemental Motion to Vacate Writ of Bodily Attachment ("Renewed Motion") [D.E. 90] within the fourteen (14) day response time provided for in Local Rule 7.1.

By Order dated August 21, 2025, this Court denied without prejudice Kang's Motion to Vacate Writ of Bodily Attachment [D.E. 81] directed Kang to produce bank statements for accounts at Savoy Bank n/k/a Hanover Bank ("Savoy") as required by the post-judgment Fact Information Sheet. As represented in Kang's Renewed Motion, Kang produced the Savoy bank statements to Plaintiff by email from Kang's counsel dated September 4, 2025. Prior to filing the Renewed

Motion, counsel for Kang contacted Plaintiff's counsel's office by telephone and email multiple times requesting that Plaintiff's counsel identify any issues Plaintiff may have with Kang's September 4, 2025, production of the Savoy bank statements.  In two (2) emails sent to Plaintiff's counsel on September 8, 2025, two (2) additional emails on September 9, 2025, and again by email dated September 15, 2025, the undersigned requested that Plaintiff's counsel advise if Plaintiff's counsel believed any issues remain with respect to Kang's production of the Savoy bank statements.[1]  Plaintiff's counsel did not respond identifying any deficiencies in Kang's production of the Savoy bank statements.  Accordingly, on September 9, 2025 Kang filed his Renewed Motion.

Plaintiff's response to Kang's Renewed Motion was due on September 23, 2025.  Plaintiff has not filed any memorandum in opposition to Kang's Renewed Motion nor has Plaintiff requested an extension of time or otherwise seek to oppose the relief Kang requests in his Renewed Motion.

As set forth in his original Motion to Vacate, shortly after the Court issued the Writ of Bodily Attachment, Kang travelled to South Korea due to a medical emergency.  Kang remains in South Korea fearing that if he should re-enter the U.S., he will be taken into custody by the U.S. Marshall pursuant to the Writ of Bodily Attachment.  Kang's Visa allowing him to stay in South Korea will expire on or about September 28, 2025.  Given Kang's compliance with this Court's August 21, 2025 Order and a lack of any response from Plaintiff opposing Kang's renewed request

---

[1] Kang's production of the Savoy/Hanover bank statements is discussed in Kang's Renewed Motion.  Kang produced said bank statements to Plaintiff's counsel on September 4, 2025.  The undersigned wrote to Plaintiff's counsel advising of the production of said bank statements and requesting that Plaintiff's counsel "advise if the documents being produced herein satisfy Plaintiff….If not, please identify the documents that Plaintiff believes have not been produced." Plaintiff's counsel responded by email dated September 8, 2025, asking if the 2025 statements had been produced.  The undersigned responded on September 9, 2025, advising that all of the statements through July 2025 (the last available statement on the date of production). Despite another email on September 15, 2025, reiterating the undersigned's request for Plaintiff's position on the completeness of the production and phone calls seeking to confer on this issue, Plaintiff's counsel has not responded to the undersigned's communications.

to vacate the Writ of Bodily Attachment, Kang requests that this Court vacate the Writ of Bodily Attachment forthwith.

Local Rule 7.1(c), which governs general motion practice in the Southern District of Florida states that "for all motions... each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1).

This rule has been consistently applied across various types of motions, granting motions by default where a party failed to respond on time in accordance with Local Rule 7.1(c)(1). *See,* Lalanne v. Am. Sec. Ins. Co., 2025 U.S. Dist. LEXIS 19628 *citing* S.D. FLA. L.R. 7.1(c)(1); *See, e.g.,* Weeks v. Braddy, 2023 U.S. Dist. LEXIS 49782, 2023 WL 2610290, at *1 n.1 (S.D. Fla. Mar. 23, 2023) (Altman, J.) ("Because Weeks didn't file a Response, we grant [*3] the Defendants' motions by default."); Augusme v. Carlton, 2022 U.S. Dist. LEXIS 189326, 2022 WL 10042943, at *2 (S.D. Fla. Oct. 17, 2022) (Altman, J.) ("Augusme didn't file a response opposing or otherwise objecting to the Motion to Dismiss—which gives us grounds to grant the Motion by default."). Failure to respond to arguments in a motion to compel arbitration is a sufficient basis to grant the same." Sanchez v. Nordstrom, Inc., No. 20-cv-20017, 2020 U.S. Dist. LEXIS 101838 (S.D. Fla. June 10, 2020)*1, *citing* Joseph v. Nanak's Landscaping, Inc., No. 07-20519, 2007 WL 1238591, at *1 (S.D. Fla. Apr. 27, 2007) (granting the defendant's motion to compel arbitration and stay proceedings where the plaintiff failed to file a response, notwithstanding a court order to do so).

In the instant matter, the record reflects that Plaintiff has failed to timely file any documents in opposition to Kang's Renewed Motion effectively conceding that Kang has complied with this Court's August 21, 2025 Order as more fully set forth in Kang's Renewed Motion.

**CONCLUSION**

For the above foregoing reasons Non-party Tejune Kang and his undersigned counsel request this Court grant the instant motion and vacate the writ of bodily attachment directed to Non-party, Tejune Kang.

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has attempted to confer with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF Portal to all counsel of record on this 25th day of September 2025.

> PESTCOE LAW GROUP, P.A.
> 2830 North University Drive
> Coral Springs, Florida 33065
> Telephone: (954) 617-0300
> Telecopier: (954) 617-0304
> Primary email: scott@slplawgroup.com
> Secondary email: melanie@slplawgroup.com
>
> BY: /s/ Scott L. Pestcoe
> SCOTT L. PESTCOE
> FBN 0765759